IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION


WILLIE WELLS III                                                                                    PLAINTIFF


V.                          Case No. 3:05CV00159 JMM/HDY


JUDGE WILLIAM PAL RAINEY, District Judge,
West Memphis District Court; WEST MEMPHIS POLICE
DEPARTMENT; SGT. BOBBY WILSON, West Memphis
Police Department; OFFICER D. SKAGGS, West
Memphis Police Department; and OFFICER BRENT
BRADLEY, West Memphis Police Department                                     DEFENDANTS


## ORDER of DISMISSAL

Plaintiff, a pretrial detainee at the Crittenden County Detention Facility, filed a *pro se* Complaint (docket entry #2) pursuant to 42 U.S.C. § 1983. This complaint was submitted to the Court following Plaintiff's filing of a *habeas corpus* action in *Wells v. West Memphis Police Department et al*, case no. 3:05CV00075 WRW/JTR.[1] After carefully reviewing Plaintiff's pleadings pursuant to its screening function under 28 U.S.C. § 1915A(a), the Court concludes that this action must be dismissed for failure to state a cognizable claim for relief under § 1983.

### I. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are

---

[1] In that action, in an Order dated June 30, 2005 (docket entry #7), the Court directed the Clerk of the Court to send to Plaintiff forms to pursue a § 1983 action "if he elects to do so . . . in a separate action." Plaintiff apparently read this as instructing him to do so immediately.

legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist*., 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Analysis of Plaintiff's Claims

Plaintiff was stopped on April 4, 2005 by Defendants Bradley, Skaggs, and Wilson for a traffic violation, leading to the discovery of crack cocaine and drug paraphernalia. It does not appear that Plaintiff has been convicted or sentenced in this action, but he remains in custody, and a bond has been set. He contends that Defendant Rainey, the district judge to whom his case has been assigned, has declined to recuse himself from Plaintiff's case, is acting "without legal authority," "violating Plaintiff's constitutional rights" by setting an excessive bail, and has "discriminated" against Plaintiff because he had previously filed a complaint against Defendant Judge Rainey with the Judicial Discipline and Disability Commission.

As to Defendants Bradley, Skaggs, and Wilson, Plaintiff alleges that they have "violated Plaintiff's constitutional rights to due process and equal protection of the law" because the incident report prepared by them "do[es] not state where the officers seized the drugs from; . . . didn't field test the presumed drugs on the scene; . . . stated that the presumed drug had zero value;" failed to properly advise him of his *Miranda* rights, and generally denied him unspecified

due process protections.  By way of relief Plaintiff seeks monetary damages.

## A. *Habeas* Issues

As noted above, Plaintiff has previously filed the substance of these same claims in a *habeas* action pending before another judge.  His *habeas* petition apparently contained claims of "cruel and unusual punishment due to placement in a cell without a toilet" and "threats and physical force" used against him, in addition to the allegations surrounding an illegal arrest. *See* docket entry # 7, case no. 3:05CV00075 WRW/JTR.  In that case, Plaintiff's § 1983 claims were dismissed, without prejudice, and he was instructed that he could file those claims as part of a separate §1983 action.  However, upon review of this § 1983 Complaint, it is apparent that Plaintiff's claim for damages must fail.

Plaintiff's Complaint in the instant case contains no allegations relating to conditions of confinement or the use of force.  Instead, Plaintiff has made only vague and conclusory claims regarding the circumstances of his arrest and pre-trial proceedings.  Although the Court is mindful that *pro se* complaints are to be construed liberally, they "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004). Simply put, Plaintiff has not stated any facts in the complaint at bar that remotely resemble § 1983 claims.

Furthermore, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of habeas corpus.  Here, not only has there been no finding by any court invalidating Plaintiff's conviction or sentence, there has been no conviction.

In *Heck*, the Supreme Court announced the following rule:

> [I]n order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87. Thus, the *Heck* rule defines when a § 1983 claim calling into question the validity of a state court conviction is ripe: A plaintiff "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489 (emphasis added). *See also Fearing v. St. Paul Police Dept.*, 2005 WL 914733, slip op. (D.Minn. Apr. 20, 2005). Absent any allegation that Plaintiff has successfully challenged a conviction through appropriate state or federal procedures, his § 1983 claim is not cognizable; therefore, Plaintiff's claims are dismissed without prejudice to refiling at such time as a successful challenge has occurred. Plaintiff should be advised, however, that he cannot bring a federal *habeas* action challenging his conviction until he has been convicted, and exhausted his state remedies, as explained above. *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996); *Armento-Bey v. Harper*, 68 F.3d 215, 216 (8th Cir. 1995) (Bowman, J., dissenting). *See also Moore v. Sims*, 200 F.3d 1170, 1172 (8th Cir.2000) (holding that plaintiff's claim that evidence was unlawfully "planted" was *Heck*-barred and properly dismissed).

### B. Claims against Defendant Judge Rainey

"Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir.1994). Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages.

*Mireless v. Waco*, 502 U.S. 9 (1991); *Duty v. City of Springdale*, 42 F.3d 460, 462-63 (8th Cir.1994). Accordingly, judicial immunity is not overcome by allegations of bad faith or malice. *Mitchell v. Forsyth*, 472 U.S. 511 (1985); *Pierson v. Ray*, 386 U.S. 547 (1967). The evaluation whether an act of a judge can be considered "judicial" is dependent on the nature of the act itself – whether the act is a function normally performed by a judge in his judicial capacity. *See Forrester v. White*, 484 U.S. 219 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978). It is clear that Judge Rainey's acts were functions that a judge would perform in his judicial capacity in presiding over a criminal trial. Accordingly, judicial immunity serves as a bar to Plaintiff's § 1983 claims against Judge Rainey.

### C. Claims against West Memphis Police Department

Lastly, Plaintiff's claims against the West Memphis Police Department must be dismissed as well. A police department is not any entity subject to suit under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992).

### III. Conclusion

IT IS THEREFORE ORDERED that:

1) Plaintiff's Complaint (docket entry #2) is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted. Dismissal of this action constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." Dismissals pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) are "strikes" for the purpose of § 1915(g), even though they are dismissals without prejudice. *Armentrout v. Tyra*, 175 F.3d 1023 (8th Cir. Feb. 9, 1999) (unpub. table op.) (citing *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998)).

2) The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

3) Plaintiff's pending Application to Proceed *In Forma Pauperis* (docket entry #1) is DENIED AS MOOT.

DATED this  25   day of  July , 2005.

                                                                             _____
                                                                             UNITED STATES DISTRICT JUDGE